# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

**PIONEER INTERNATIONAL (USA),INC.,**

**-vs-**                                                   Case No.  2:07-cv-84-FtM-34DNF

**GARY A. REID, and AMERICAN
CONCRETE TILE, INC.,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (Doc. No. 108)** |
| **FILED:** | **October 16, 2007** |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

    The Plaintiff, Pioneer International (USA), Inc. ("Pioneer") is requesting leave pursuant to Fed.R.Civ.P. 15 to amend its Complaint to add claims against Suncoast Roofers Supply, Inc. ("Suncoast") claiming that it recently obtained evidence regarding these claims.  The Defendant, Gary Reid, American Concrete Tile, Inc. ("ACT"), Michael Clarchick, and Joseph Nemia object to the Complaint being amended again arguing delay and futility.

A brief recitation of the facts is Pioneer Roofing Tile, Inc. hired Reid  Reid entered into an Executive Employment Agreement ("EEA")  with restrictive covenants not to compete  for two (2) years after his termination from employment, not to solicit executives to terminate their employment, and not to disclose  trade secrets.  Reid hired Clarchick, Nemia and Palmer.  Reid's employment was terminated.

Reid assisted in the formation of ACT which was formed to manufacture and sell concrete roof tile.  Reid worked on creating ACT by constructing its manufacturing facilities, and planning its marketplace strategies.  Once operational, ACT was a competitor of Hanson Roofing Tile, Inc. ("Hanson") which is a wholly owned subsidiary of Pioneer.  Clarchick and Nemia also resigned from Hanson and began working for ACT.

Pioneer alleges that in response to an interrogatory in May 2007, ACT identified its relationship with Suncoast as "lender-borrower."  In July 2007, Suncoast acquired 80% of the stock of ACT, and notified Pioneer in August 2007.  Pioneer subpoenaed records from the Tile Roofing Institute ("TRI") which were produced in September 2007.  These records showed that as early as July 2006, ACT prepared tile profiles.  In September 2006, the president of Suncoast filed for membership with TRI. TRI submitted these tile profiles for approval to the Product Control Division, Building Code Compliance, Miami-Dade County in the name of Suncoast and ACT in September 2006.  No membership application for ACT was produced.   Pioneer claims that these newly discovered documents show that Suncoast was a principal player in getting ACT's tiles approved.  Pioneer claims that Suncoast's acts allowed Reid and ACT to compete with Pioneer which violated Reid's EEA, and therefore Suncoast tortiously aided and abetted Reid and ACT.  The Defendants respond  even if the allegations against Suncoast are true, obtaining approval for tiles while not selling them is not

competing with Pioneer. The Defendants also assert that there are no allegations that Suncoast misappropriated a trade secret and therefore, Pioneer's request for leave to amend is futile. The Defendants also argue that the request for leave to amend is in bad faith and will create delay.

Pioneer cites Fed.R.Civ.P. 15(a) which provides that leave to amend shall be freely given. Upon review of the docket, however, the deadline to add parties or amend pleadings was June 28, 2007, which is now passed. Therefore, Fed. R.Civ.P. 16 applies as to the issue of delay. The Scheduling Order in this case controls the course of action unless modified. *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). To modify a Scheduling Order, a party must show good cause, and the party must show that despite the party's diligence the deadline could not be met. *Id.*, citing Fed.R.Civ.P. 16. If the court finds that the party lacked due diligence, then the inquiry into good cause is ended. *Lord v. Fairway Electric Corp.*, 223 F.Supp.2d 1270, 1277 (M.D. Fla. 2002). The Eleventh Circuit has found three factors to consider in assessing diligence: "1) the plaintiff failed to ascertain facts prior to filing the complaint and to acquire information during the discovery period; 2) the information supporting the proposed amendment was available to the plaintiff; and 3) even after acquiring information, the plaintiff delayed in asking for amendment." *Id.*, citing *Sosa v. Airprint Systems, Inc.*, 133 F.3d at 1418.

Pioneer asserts that it discovered the information that Suncoast was involved in ACT's obtaining of the approval for its tile profiles when TRI produced records in September 2007. The Defendants assert that Pioneer knew of the relationship between Reid and Suncoast long before September 2007. As evidence of this knowledge, the Defendants directed the Court's attention to a letter dated June 29, 2006, from Hanson to Suncoast which is attached to the original Complaint (Doc. 1, Exh. G). In that letter, counsel for Hanson states,

> That being said, we have also been advised that our former President, Gary Reid, may be assisting you in the start-up of this new roof-tile manufacturing operation. I assume you [sic] not are aware that Mr. Reid is subject to a non-compete covenant with Hanson that precludes him from working for or assisting a competitor in any way (directly or indirectly) for two years from the date his employment with Hanson ceased. Mr. Reid's employment with Hanson ended on February 15, 2005, and his non-compete period would run through February 14, 2007.

(Doc. 1, Exh. G, p. 1-2). Pioneer knew that Suncoast had a relationship with ACT and Reid at least as early as June 2006.[1] In August 2007, Pioneer requested that the deadlines in the case be extended but did not request that the deadline to add parties or amend pleadings be extended. The Amended Case Management and Scheduling Order (Doc. 69) has a discovery deadline of November 30, 2007, and a dispositive motion deadline of December 21, 2007. If the Court would allow Pioneer to add Suncoast as this time, these deadlines would have to be extended as well as the other deadlines in the case. The Honorable Marcia Morales Howard, United States District Judge has already held a lengthy hearing and decided the Motion for Preliminary Injunction (See, Doc. 106). Further, the Court permitted the Pioneer to amend its Complaint in June 2007. (See, First Amended Complaint, Doc. 36).

Pioneer knew at the outset of the case of a relationship between Reid and Suncoast, but failed to ascertain the facts surrounding the relationship prior to the date to amend pleadings and add parties. Pioneer has failed to show that the information from TRI was not available prior to the deadline to amend pleadings. Even after knowing that this relationship existed, Pioneer never requested an extension of the deadline to amend pleadings. The Court determines that Pioneer has failed to show good cause why the Court should allow it to file a Second Amended Complaint at this point in the

---

[1] Even if Hanson did not inform Pioneer of this letter on the date it was written, Pioneer knew of the relationship between Reid and Suncoast from the date the Complaint was filed in this action.

litigation.  The Court respectfully recommends that the Motion for Leave to File Second Amended Complaint (Doc. 108) be denied.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this  19th   day of November, 2007.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record